**FILED**
**January 12, 2015**
**Third Court of Appeals**
**Jeffrey D. Kyle**
**Clerk**

In the Court of Appeals for the Third
District of Texas at Austin Texas
Appellate Court Cause No. 03-12-00791-CV
Trial Court Case Number. 12-1114-F425

EUGENIO ESPINOZA MARTINEZ

VS.

KATHLEEN ANNE LOZANO MARTINEZ

On Appeal from the 425th District Court
of Williamson, County Texas
Trial Court Cause No. 12-1114-F425

Brief for Appellant

Eugenio E. Martinez
TDCJ-ID # 1686937
Stevenson Unit
1525 FM 766
Cuero, Tx 77954

RECEIVED
JAN 1 2 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

## Name of All Parties

In accordance with the T.R.A.P. Rule 38.1(a), appellant submits that the following are intended parties:

████████████████████                          Child Subject to this Suit
resides with mother

Kathleen Anne Lozano                           Mother of Child
 address unknown                                  Appellee

Eugenio Espinoza Martínez                      Father of Child
currently incarcerated at                         Prose Appellant
Stevenson Unit
1525 FM 766
Cuero, Tx 77954

Ms. Angela So                                  Attorney for AOG
Office of the Attorney General
505 Old Austin Hutto Rd.
Pflugerville, Texas 78660

Judge Gary Hurger (signature difficult         Judge Presiding
to decipher)
425th Judicial District Court
P.O. Box 24
Georgetown, Texas 78627

(2)

# Table of Contents

| Page No. | Subject |
| --- | --- |
| 1 | Cover Page |
| 2 | Name of All Parties |
| 3 | Table of Contents |
| 4 | Index of Authorities |
| 5-6 | Statement of the Case |
| 6 | Issues Presented |
| 7-8 | Statement of Facts |
| 8-11 | Summary of the Argument |
| 11 | Prayer |
| 12 | Signature |
| 13 | Appendix |
| 14 | Rule 24 T.R.C.P |
| 15 | Memorandum Opinion |
| 16-17 | Affidavit |
| 18 | Notice of Final Hearing |
| 19 | Certified Post-marked Envelope |
| 20 | United States Postal Service Tracking Information |
| 21-22 | Requests to TDCJ-ID mailroom |
| 23 | Finding of Facts (From Original Clerk's Record)(two-sided pages) |
| 24-25 | Order to Set Hearing '' '' '' |
| 28-51 | Final Decree of Divorce '' '' '' |

Note: The Supplemental Clerk's Record, and the Clerk's Record have been excluded, but are referenced to this Courts filed copies.

<u>Index of Authorities</u>

| Page No. | Cases |
|---|---|
| 9 | Armstrong v. Manzo 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L. Ed. 2d 62, 65 (1965) |
| 10 | Blanco v. Bolanas, 20 SW 3d 809 |
| 9 | Platt v. Platt, 991 SW 2d 481 (Tex. App.-Taylor 1999, no pet.) |
| 9 | Rolan v. Rolan, 907 SW 2d 620 (Tex. App. - Beaumont 1995, no writ) |
| 9 | Smith v. Smith, 241 SW 3d 909 (Tex. App.-Beaumont 2007) |
| 10 | Turner v. Ward, 910 SW 2d 500 (Tex. App.- El Paso 1994, no writ) |

| | Rules |
|---|---|
| 6,8,9,10,11 | Texas Rules of Civil Procedure - Rule 245 |
| 10 | Vernon's Annotated Texas Rules of Civil Procedure Rule 245 |

## Statement of the Case

The nature of the instant case is a suit for divorce and suit affecting the parent-child relationship.

The course of proceedings are as follows:

1. On April 9, 2012, the Original Petition was filed and subsequent Citation was issued on Respondent on April 19, 2012. (Please see Clerk's Record (CR) at 4-7) and (See Reporter's Record pg 3, at 12).

2. On April 25, 2012, Respondent filed an Answer. (CR at 8)

3. On July 5, 2012, Respondent filed an Amended Answer. (CR at 11)

4. On October 2, 2012, Respondent received Notice of Final Hearing. (Please see Appendix at 16-20)

5. On October 24, 2012, Respondent filed a Motion to Extend and a Motion for Bench Warrant. (CR at 17 and 19)

6. On November 1, 2012, Respondent filed his Counter Petition. (CR at 34)

7. On November 7, 2012, Judgement made granting Final Decree of Divorce. (CR at 47)

8. On November 11, 2012, Request for Findings of Fact and Conclusions of Law filed by Respondent. (CR at 70)

9. On December 3, 2012, Respondent filed Notice of Appeal. (CR at 74)

10. On June 27, 2013, Appeal was Abated and Memorandum Opinion issued by this Court, remanding this cause to the trial court for a hearing and findings about whether Respondent received adequate notice of the Final Hearing. (See Appendix at 15)

11. On March 24, 2014, the trial court entered an order setting a hearing for May 30, 2014 to determine whether Respondent received adequate notice of the November 7, 2012 hearing. (Please refer to the Supplemental Clerks Record (SCR) at 4-5) (Appx 24-25)

(5)

12. On June 11, 2014, upon conclusion of the May 30th hearing, the 425th Judicial District Court of Williamson County, Texas issued a Finding of Facts concluding that Respondent DID NOT receive adequate notice of Final Hearing as required by the Texas Rules of Civil Procedure (T.R.C.P.) Rule 245. (SCR of 3)

13. After several requests for Extension of Time to File Appellants Brief, Appellant's Brief is now due on or before January 9, 2015.

## Issues Presented

In the face of this Court's jurisdictional authority, the T.R.C.P. Rule 245, and legal precedence:

1. Does a party to a civil suit receive adequate notice of a hearing, as well as preserve his fundamental right of due process, when said party is notified 37 days in advance of hearing; and

2. Does Notice of Final Hearing begin from the date sent/postmarked, or does it begin on the day in which a party to a suit receives, and is in physical possession of, said notice?

(6)

## Statement of Facts

1. On November 17, 2010, Respondent was sentenced to a 15 year term of incarceration with the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) for felonies unrelated to the Petitioner, or the Child to this suit. Respondent remains incarcerated to date and is awaiting the answer to his second review for parole.

2. Respondent was served with Original Petition for Divorce on April 19, 2014 (Reporter's Record pg 3 at 12) at the law library of his then Unit of assignment - William G. McConnell Unit located at 3001 South Emily Drive, Beeville, Texas 78102.

3. Petitioner mailed Notice of Final Hearing on September 29, 2012 via Certified mail #7011 0470 0003 4313 3625, and delivery was confirmed on October 1, 2012 at 12:02 p.m. at the McConnell Unit in Beeville, Texas (Please see Appendix at 16-20)

4. Under the TDCJ-ID correspondence / mail procedures, once legal documents are received, a lay-in slip is issued to an offender so that he may pick up legal mail in person at the unit mailroom. This obtainment usually occurs one or two days after the item arrives at the unit mailroom.

5. Accordingly, Respondent received a legal mail lay-in slip on October 1st or 2nd, 2012. (Please note that Respondent received inadequate and non-cooperative response from the McConnell Unit mailroom pertaining to his request to acquire the precise date he obtained notice - See Appendix at 21-22) Consequently, Respondent received, and became in possession of notice on October 2nd or 3rd, 2012.

(7)

6. The earliest Respondent could have received Petitioner's notice of hearing would have been October 2, 2012, concluding that such notification was made 37 days in advance of final hearing, and therefore, NOT in accordance with the T.R.C.P. Rule 245 (See Appendix at 14 ) which requires "reasonable notice of not less than forty-five days to the parties of a first setting for trial..."

7. On December 3, 2012, Respondent filed Notice of Appeal (CR at 74-75)

8. In accordance with a Memorandum Opinion issued by this Court on June 27, 2013 (Appendix at 15), remanding this cause to the trial court for a hearing and findings to determine whether Respondent received adequate notice of Final Hearing, a May 30, 2014 hearing was held (SCR 4-5), and Respondent's affidavit and attached documents were considered (Appendix at 16-20)

9. The trial Court found by the issuance of Findings of Facts on June 11, 2014 (SCR at 3) that Respondent did NOT receive adequate notice of the final hearing of November 7, 2012, a violation of Rule 245 T.R.C.P..

## Summary of the Argument

The irrefutable evidence provided herein supports this Court's determination that the Respondent in this Cause did not receive adequate notice of final hearing as required by Rule 245 T.R.C.P. (Appendix at 14 ), and should therefore be reversed and rendered accordingly.

By the Courts careful examination of Respondent's affidavit (Appendix at 16-17), Petitioners certified and postmarked envelope sent on September 29, 2012 (Appendix at 19 ),

(8)

the signed Notice of Final Hearing therein (Appendix at 18), and the tracking information provided by the United States Postal Service - USPS.com confirming delivery (Appendix at 20), it is clear that Respondent did not obtain actual notice until October 2nd or 3rd, 2012. Consequently, given the Final Hearing date was scheduled for November 7, 2012, Respondent was given advanced notice of only thirty-seven days, as opposed to the required forty-five, a deprivation of due process rights.

In Smith v. Smith, 241 SW3d 909 (Tex. App. - Beaumont 2007) the Court held that "Failure to comply with rules of notice in a contested case deprives a party of his constitutional right to be present at the hearing, to voice his objections in an appropriate manner, and results in a violation of fundamental due process." Rolan v. Rolan, 907 SW 2d 670, 671 (Tex. App. - Beaumont 1995, no writ.) (citing Armstrong v. Manzo 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62, 65 (1965). The Respondent in this cause did not receive notice as required by law, and has therefore been denied his fundamental rights of due process. The judgement should be reversed and rendered, and proceedings be held a new.

In Platt v. Platt 991 S.W. 2d 481, 483-84, (Tex. App. - Tyler 1999, no pet.), the Court held: "If the Respondent does not have notice of the trial setting as required by Rule 245, the post-answer default judgement should be set aside because it is ineffectual." Stating also that "when a defendant has filed a timely answer, he or she is entitled to notice of trial setting as a matter of due process." Id at 483. See also

(9)

Turner v. Ward 910 SW2d 500, 505 (Tex. App.—El Paso 1994, no. writ.). The Respondent filed his answer timely on April 25, 2012 (CR at 8-9). Because the trial court erred in not providing the Respondent with adequate Notice of Final hearing, the proceedings are a result of a clear depravitory right of due process and should be reversed. "It is presumed that the trial court will hear a case only when notice has been given to the parties." Blanco v. Bolanos, 20 SW3d 809; Vernons Ann. Texas Rules of Civil Procedure Rule 245.

Although the trial court's Finding of Facts (SCR at 3-4) determined that Respondent did not receive adequate notice under T.R.C.P. Rule 245 by receiving only 39 days in advance of final hearing, and in turn supports Respondents request for relief, Respondent wishes to address this court that the trial court's inquiry of the facts remains questionable as to its accuracy. The trial court made the determination by examining the date upon which the notice letter was postmarked—September 29, 2012. This date fell on a Saturday, upon which the TDCJ-ID mailrooms do not operate. Upon closer examination of when delivery was confirmed by the USPS—October 1, 2012 at 12:02 p.m. (See Appendix at 20), and the procedures by which offenders are given lay-ins to obtain legal correspondence, the Respondent could not have received actual notice of final hearing until October 2nd or 3rd, the earliest of which would give Respondent 37 days advance notice.—Not 39 days as the trial court has mistakenly determined. The argument of which Respondent presents to this

(10)

Court is that a party cannot be given notice until he actually receives it and is in possession of. The T.R.C.P. Rule 245 states: "the Court may set contested cases on written request of any party, or on the Court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial,...". The under lined portions infer that parties must receive notice, not that notice be post-marked not less than forty-five days prior to hearing, as the trial court has erroneously concluded. In closing, Respondent wishes to address this Court by respectfully apologizing for any delays. As you can imagine, the loss of a loved one, especially one's mother, is not easy to overcome. Because of Respondent's recent battle with depression and stress due to his loss, thorough research, adequate preparation, and not to mention proper focus and concentration, could not be adequately obtained to prepare this brief. If the Court wishes to have Respondent correct any deficiencies, Respondent respectfully requests that the Court fairly consider the tragic circumstances Respondent is faced upon.

<u>Prayer</u>

Wherefore, premises considered, Respondent prays that this Court reverse the trial court's judgement and render this cause back for a new, and fair hearing.

Signed this 7th day of January 2015.

(11)

Eugenio Espiñoza Martínez
TDCJ-ID # 1686937
Stevenson Unit
1525 FM 766
Cuero, Tx 77954

(12)

# Appendix

*Texas Rules of Civil Procedure*

Rule 245    Assignment of Case for Trial

The Court may set contested cases on written request of any party, or on the Court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties; provided, however, that when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notices to the parties or by agreement of the parties. Non-contested cases may be tried or disposed of at any time whether set or not, and may be set at any time for any other time.

A request for trial setting constitutes a representation that the requesting party reasonably and in good faith expects to be ready for trial by the date requested, but no additional representation concerning the completion of pretrial proceedings or current readiness for trial shall be required in order to obtain a trial setting in a contested case.

(14)

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00791-CV

Eugenio Espinoza Martinez, Appellant

v.

Kathleen Anne Lozano Martinez, Appellee

---

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 425TH JUDICIAL DISTRICT
### NO. 12-1114-F425, HONORABLE MARK J. SILVERSTONE, JUDGE PRESIDING

---

## MEMORANDUM OPINION

**PER CURIAM**

Appellee Kathleen Anne Lozano Martinez has notified this Court that the divorce decree in the underlying cause should be reversed because Eugenio Espinoza Martinez did not receive adequate notice of the final hearing.

We abate this appeal and remand this cause to the trial court for a hearing and findings about whether Eugenio Espinoza Martinez received adequate notice of the final hearing. A supplemental clerk's record containing the trial court's findings and the reporter's record of the hearing shall be filed no later than August 26, 2013.

Before Justices Puryear, Pemberton, and Rose

Abated

Filed: June 27, 2013

FILED
o'clock
JUN 2 8 2013
District Clerk, Williamson Co., TX.

(15)

CAUSE NO. 12-1114-F425

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE 425TH JUDICIAL |
| THE MARRIAGE OF | § | |
| | § | |
| KATHLEEN ANNE LOZANO MARTINEZ | § | |
| AND | § | DISTRICT COURT OF |
| EUGENIO ESPINOZA MARTINEZ | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| ██████ ██ ████████ | § | WILLIAMSON COUNTY, TEXAS |

## AFFIDAVIT OF EUGENIO ESPINOZA MARTINEZ

TO THE HONORABLE JUDGE OF SAID COURT:

I, Eugenio Espinoza Martinez, Respondent in the aforementioned cause, present this affidavit to this Honorable Court as follows:

I would first like to address this Honorable Court of the inconsistencies and errors found within the court order dated March 21, 2014 signed by the Hon. Judge Lambeth.

1) Note a change of address letter was previously filed with this court and the 3rd Court of Appeals in January 2014. It is also indicated on the cover letter submitted with the court order.

2) The name of the Respondent is Eugenio Espinoza Martinez, not Eugenia.

3) The "Final Hearing" date was November 7, 2012, not November 1, 2012.

In light of the upcoming November 29, 2014 hearing to determine whether I received adequate notice of the November 7, 2012 "Final Hearing" in this matter, I address this court by stating that I did not receive adequate notice. The following facts are presented in support:

1) The "notice of hearing" was signed and sent by certified mail (#7011 0470 0003 4313 3625) by the Petitioner on September 29, 2012. Please see EXHIBIT A and B.

2) Delivery was confirmed on October 1, 2012 at 12:02 p.m. at the McConnell Unit in Beeville, Texas. Please see EXHIBIT C.

3) According to the Texas Department of Criminal Justice (TDCJ) mailroom rules and procedures, after the mailroom signs for certified mail the inmate is thereafter given a lay-in to go to the mailroom the following day to retrieve it. Because the Briscoe and the McConnell Unit mailrooms have not provided a response to my requests, see EXHIBIT D and E, I cannot determine the exact date that the notice was received, only that it was received on or about October 2nd or 3rd 2012. It can be determined, however, that the notice was received after the 45-day requisite under Vernon's Ann. Texas Rules Civ. Proc., Rule 245. If the court requires the exact date that I received the notice of final hearing, I request

(16)

an extention so that I may file the appropriate grievances against the Briscoe and McConnell Unit mailrooms for failing to provide the information requested, and thereafter, provide the information upon its retrieval.

Based on the facts and exhibits presented herein, a factual basis exists to conclude that I did not receive adequate notice of the Final Hearing.

### Inmate Declaration

I, Eugenio Espinoza Martinez, currently incarcerated with the Texas Department of Criminal Justice – Dolph Briscoe Unit located in Dilley, Texas, declare under penalty of perjury that the information herein is true and correct to the best of my ability.

Signed this 13th day of May 2014.

_____
Eugenio Espinoza Martinez

### Certificate of Service

As required by order dated March 21, 2014 by the Hon. Judge Lambeth, I certify that a copy of this affidavit and supporting exhibits was mailed to Petitioner via regular mail on this the ___13th___ day of May 2014.

_____
Eugenio Espinoza Martinez
# 1686937
Dolph Briscoe Unit
1459 West Hwy. 85
Dilley, Texas 78017

## NO. 12-1114-F425

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | § § § | IN THE DISTRICT COURT |
| KATHLEEN ANNE LOZANO<br>MARTINEZ<br>AND<br>EUGENIO ESPINOZA MARTINEZ | § § § § § | 425TH JUDICIAL DISTRICT |
| AND IN THE INTEREST OF<br>████████████, A<br>CHILD | § § § § | WILLIAMSON COUNTY, TEXAS |

### NOTICE OF FINAL HEARING

NOTICE is hereby given to Respondent, EUGENIO ESPINOZA MARTINEZ, that this matter is set for Final Hearing, before this Court at the Williamson County Criminal Justice Annex, 405 S. Martin Luther King Blvd., Georgetown, Texas at **9:00 a.m. on** November 7th, 2012

_____.

Respectfully submitted,

By: _Kathleen A Lozano Martinez_
KATHLEEN ANNE LOZANO MARTINEZ

### CERTIFICATE OF SERVICE

The above and foregoing Notice of Final Hearing was served upon Respondent, acting pro se, by certified mail addressed to _Eugenio E. Martinez #1686937  3001 S. Emily Dr._
_Beeville, TX 7802_
on _Sept 29, 2012_ .

_Kathleen A Lozano Martinez_
KATHLEEN ANNE LOZANO MARTINEZ

(18)

Kathleen Lozano Martinez
9801 W Parmer Ln #313
Austin TX 78717

SS#

19479

RETURN RECEIPT
REQUESTED

7810288503

**CERTIFIED MAIL**™

7011 0470 0003 4313 3625



UNITED STATES
POSTAL SERVICE

1000

78102

U.S. POSTAGE
PAID
AUSTIN, TX
78729
SEP 28, '12
AMOUNT
**$5.75**
0007S217-07

Eugenio Martinez
#1686937 - McConnell Unit
3001 S. Emily Drive
Beeville, TX
78102

(19)

EXHIBIT C

COPY

**USPS.COM**

Search USPS.com or Track Packages

Quick Tools
Track
Enter up to 10 Tracking # Find
Find USPS Locations
Buy Stamps
Schedule a Pickup
Hold Mail
Change of Address

Ship a Package    Send Mail    Manage Your Mail    Shop    Business Solutions

**USPS Tracking™**

Customer Service ›
Have questions? We're here to help.

Tracking Number: 70110470008343133625

Expected Delivery Day: **Monday, October 1, 2012**

Requested label is archived.

Restore Archived Details ›

70110470008343133625

## Product & Tracking Information

Available Actions

Postal Product:
First-Class Mail®

Features:
Certified Mail™

**Delivered**
Your item was delivered at 12:02 pm on October 1, 2012 in BEEVILLE, TX 78102. Additional information for this item is stored in files offline.

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| October 1, 2012 , 12:02 pm | Delivered | BEEVILLE, TX 78102 |

## Track Another Package

What's your tracking (or receipt) number?

Track It

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
USPS Service Alerts ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

**USPS.COM**    Copyright© 2014 USPS. All Rights Reserved.

(20)

**SUBJECT:** *State briefly the problem on which you desire assistance.*

Verification information

Yes

the intent to adhere to Court Order

attention and courtesies are greatly appreciated, Thank you

**Name:** _____ **No:** _____ **Unit:** _____

**Living Quarters:** _____ **Work Assignment:** _____

**DISPOSITION:** (Inmate will not write in this space)

21-60 (Rev. 11-90)

(21)

EXHIBIT E

SUBJECT: *State briefly the problem on which you desire assistance.*

※ Seit on 3-31-14
to Miniroom Govs Martinez

Mrs. Martinez, the Court is requesting evidence/proof of receiving a legal document by certified mail. The document was sent on September 29, 2012 to the McConnell Unit (When I was assigned there) the Certified Mail Conf # is 7011 0470 0003 4313 3625. I respectfully request confirmation as to when I signed to receive this correspondence. If the item was postmarked Spt 29, 2012 on a Saturday, I should have received it approximately on September October 1, 2, or 3, 2012. I thank you for your assistance.

Name: Eugene E. Martinez  No: 1608637  Unit: Briscoe

Living Quarters: N-013  Work Assignment: Utility Squad 3rd-01

DISPOSITION: (Inmate will not write in this space)

You would have to contact the McConnell Unit since the certified mail went there.

M Martinez
04/03/14

☆I-60 (Rev. 11-90)

(22)

<u>CAUSE NO. 12-1114-F425</u>

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | §<br>§<br>§ | IN THE 425TH JUDICIAL |
| KATHLEEN ANNE LOZANO MARTINEZ<br>AND<br>EUGENIA ESPINOZA MARTINEZ | §<br>§<br>§<br>§ | DISTRICT COURT OF |
| AND IN THE INTEREST OF<br>▓▓▓▓▓▓▓▓▓▓▓▓ | §<br>§<br>§ | WILLIAMSON COUNTY, TEXAS |

## FINDING OF FACTS

On March 24, 2014 this court entered the attached order setting a hearing for May 30, 2014 for the purpose of determining whether Eugenio Espinoza Martinez received adequate notice of the November 7, 2012 Final Hearing.

On May 30, 2014, no one appeared for the hearing however, pursuant to the March 24, 2014 Order Mr. Martinez submitted an affidavit with attached documents.

After considering Mr. Martinez's affidavit and the record of the case, the court makes the following findings of fact.

The court FINDS that Mr. Martinez was sent the notice of hearing on September 29, 2012 notifying him of the hearing scheduled for November 7, 2012. The court FINDS that the notice of hearing was sent 39 days in advance of the hearing and was not sent in accordance with Texas Rules of Civil Procedure 245.

The court FINDS and CONCLUDES that Eugenio Espionoza Martinez did NOT receive adequate notice of the final hearing.

Dated: June 11, 2014

_____
Betsy F. Lambeth
Judge, 425th Judicial District Court
Williamson County, Texas

FILED
at 4:00 o'clock P M
ENT'D
JUN 11 2014
Lisa David
District Clerk, Williamson Co., TX.

3

(23)

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE 425TH JUDICIAL |
| THE MARRIAGE OF | § | |
| | § | |
| KATHLEEN ANNE LOZANO MARTINEZ | § | DISTRICT COURT OF |
| AND | § | |
| EUGENIA ESPINOZA MARTINEZ | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| ███████████████ | § | WILLIAMSON COUNTY, TEXAS |

Pursuant to the Memorandum Opinion of the Texas Court of Appeals, Third District, at Austin, filed June 27, 2013 this Court makes the following orders.

The Respondent filed a Motion for Issuance of a Bench Warrant or in the Alternative Viable Means in Suit Affecting Parent Child Relationship. The Court has considered that motion. It is granted in part and denied in part. The Court denies the requested bench warrant. The Court has reviewed this matter subject to the guidelines set out in *Zuniga v. Zuniga*, 13 S.W. 3d 798 (Tex. App. – San Antonio 1999). Considering those matters and all other pleading and facts before the Court, the Court makes the following conclusions and orders regarding the proceeding of this case.

Respondent will be allowed to offer any evidence as to whether Eugenio Espinoza Martinez received adequate notice of the November 1, 2012 Final Hearing, by deposition or affidavit. Respondent is to send by mail any such written information he wants to bring before the Court. The Court will review such information as if presented by Respondent as evidence at the appropriate time, and will consider same in its deliberations.

The Court will continue to be mindful of the issues set out in *Zuniga*. If the facts show that the presence of Respondent is necessary to determine credibility by demeanor or otherwise of any witness, then appropriate further orders will be entered.

At any point should the facts develop, or the issues become substantial such that the presence of Respondent is needed, the Court will recess the hearing. At that point the Court will enter all further orders required to protect Respondent pursuant to *Zuniga*.

Accordingly this matter is set for Hearing on MAY 30, 2014 AT 9:00 a.m. in the 425th District Court of Williamson County, Texas. The purpose of the hearing is to determine whether Eugenio Espinoza Martinez received adequate notice of the November 1, 2012 Final Hearing held in this matter.

SCANNED
ENTD

FILED
at 4:22 o'clock ___ M
MAR 24 2014
Lisa David

(24)

Any affidavit, or other document which Respondent desires to be considered by the Court, shall be sent to this Court at 405 M.L.K. Box 22, Georgetown, Texas 78626. SUCH DOCUMENTS MUST BE RECEIVED BY 5:00 p.m. on MAY 28, 2014. They will be filed with the official record of the Court.

A copy of this order will be mailed to the Respondent, EUGENIA ESPINOZA MARTINEZ, TDCJ-ID#1686937, Eastham Unit, 2665 Prison Rd. 1, Lovelady, Texas 75851-5609.

The Respondent is ordered to properly serve on Petitioner, all letters, motions or other pleadings, presented to this court.

It is so ordered.

SIGNED and ENTERED this the 21st day of March, 2014.


Betsy F. Lambeth
Judge, 425th Judicial District Court
Williamson County, Texas

5

(25)





# Lisa David

### DISTRICT CLERK

P.O. Box 24, Georgetown, Texas 78627

## BILL OF COSTS

512.943.1212   Fax 512.943.1222

**12-1114-F425**   IN THE 425TH JUDICIAL DISTRICT COURT

IN THE MATTER OF THE MARRIAGE OF
KATHLEEN ANNE LOZANO AND EUGENIO
ESPINOZA MARTINEZ AND IN THE INTEREST
OF ███████████████, A CHILD

6/11/2014

## REQUESTED BY COA

| COURT COSTS – DIRECT FEES | AMOUNT |
|---|---|
| Clerks Record Fee | 0.00 |

I, Lisa David, Clerk of the District Courts in and for Williamson County, Texas, hereby certify the above to be a correct account of the costs due in the above entitled and numbered cause up to this date.

Given under my hand and official seal on this the 11th day of June, 2014.

LISA DAVID, DISTRICT CLERK
WILLIAMSON COUNTY, TEXAS

By: _____
Angela Garcia, Deputy

12-1114-F425

6

(26)



12-1114-F425

## DECLARATION IN SUPPORT OF
## INABILITY TO PAY COSTS

The following declaration is in support of Respondent's inability to pay court costs.

Now respectfully comes Eugenio Espinoza Martinez, TDCJID# 1686937 and declares that "I am unable to pay the court costs in this action and request leave of the court to proceed in forma pauperus in this accompanying action and would show the court the following:

1)   I am presently incarcerated in the McConnell Unit of the Texas Department of Criminal Justice Institutional Division where I am not permitted to earn or handle money.

2)   I have no source of income or spousal income.

3)   I currently have $ 65.°° credited to me in my inmate trust fund.

4)   During my incarceration in the TDCJID I have received approximately $75-$100 per month as gifts from family and friends.

5)   I neither own nor have an interest in any realty, stocks, bonds, or bank accounts and I receive no interest or dividend income from any source.

6)   I have 1 dependent.

7)   I have total debts of approximately $20-30k .

8)   I do not owe restitution.

9)   My monthly expenses are approximately $250-$300.

I, Eugenio Espinoza Martinez TDCJID# 1686937, being presently incarcerated in the McConnell Unit of TDCJID in Bee County, Texas, verify and declare under penalty or perjury that the foregoing statements are true and correct, Executed on this the 2-5 day of _October_ , 2012."

X FILED
at __8__ o'clock _A_ M

NOV 0 1 2012

_Lisa David_
District Clerk, Williamson Co., TX. (27)

Eugenio Espinoza Martinez
TDCJID#1686937
3001 S. Emily Drive
Beeville, Texas 78102

45

## NO. 12-1114-F425

| | |
|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | §   IN THE DISTRICT COURT |
| | § |
| | § |
| KATHLEEN ANNE LOZANO<br>MARTINEZ | § |
| AND | § |
| EUGENIO ESPINOZA MARTINEZ | §   425TH JUDICIAL DISTRICT |
| | § |
| AND IN THE INTEREST OF | § |
| ███████████████, A | §   WILLIAMSON COUNTY, TEXAS |
| CHILD | § |

## FINAL DECREE OF DIVORCE

On November 7, 2012 the Court heard this case.

*Appearances*

Petitioner, Kathleen Anne Lozano Martinez, appeared in person, and announced ready for trial.

Respondent, Eugenio Espinoza Martinez, although duly and properly cited, did not appear and wholly made default.

*Record*

The record of testimony was duly reported by the court reporter for the 425th Judicial District Court.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

The Court further finds that, at the time this suit was filed, Petitioner had been a domiciliary

FILED
at 9:35 o'clock ___M
NOV 19 2012
Lisa David
District Clerk, Williamson Co., TX.

46

(28)

of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and questions of fact and of law were submitted to the Court.

*Divorce*

IT IS ORDERED AND DECREED that Kathleen Anne Lozano Martinez, Petitioner, and Eugenio Espinoza Martinez, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability.

*Child of the Marriage*

The Court finds that Petitioner and Respondent are the parents of the following child:

Name: █████████████

Sex: Female

Birth date: ██████████

Home state: Texas

The Court finds no other children of the marriage are expected.

*Parenting Plan*

The Court finds that the provisions in this decree relating to the rights and duties of the parties with relation to the child, possession of and access to the child, child support, and optimizing the development of a close and continuing relationship between each party and the child constitute the parenting plan established by the Court.

*Conservatorship*

The Court, having considered the circumstances of the parents and of the child, finds that the

47

(29)

following orders are in the best interest of the child.

IT IS ORDERED that Kathleen Anne Lozano Martinez is appointed Sole Managing Conservator and Eugenio Espinoza Martinez is appointed Possessory Conservator of the following child: ███████████.

IT IS ORDERED that, at all times, Kathleen Anne Lozano Martinez, as a parent sole managing conservator, shall have the following rights:

1.     the right to receive information from any other conservator of the child concerning the health, education, and welfare of the child;

2.     the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the child;

3.     the right of access to medical, dental, psychological, and educational records of the child;

4.     the right to consult with a physician, dentist, or psychologist of the child;

5.     the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6.     the right to attend school activities;

7.     the right to be designated on the child's records as a person to be notified in case of an emergency;

8.     the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and

9.     the right to manage the estate of the child to the extent the estate has been created by the parent or the parent's family.

IT IS ORDERED that, at all times, Eugenio Espinoza Martinez, as a parent possessory conservator, shall have the following rights:

1.     the right to receive information from any other conservator of the child concerning the health, education, and welfare of the child;

2.     the right to confer with the other parent to the extent possible before making a

(30)

decision concerning the health, education, and welfare of the child;

3. the right of access to medical, dental, psychological, and educational records of the child;

4. the right to consult with a physician, dentist, or psychologist of the child;

5. the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6. the right to attend school activities;

7. the right to be designated on the child's records as a person to be notified in case of an emergency; and

8. the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child.

IT IS ORDERED that, at all times, Kathleen Anne Lozano Martinez, as a parent sole managing conservator shall have the following duties:

1. the duty to inform the other conservator of the child in a timely manner of significant information concerning the health, education, and welfare of the child; and

2. the duty to inform the other conservator of the child if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the child begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, at all times, Eugenio Espinoza Martinez, as a parent possessory conservator, shall have the following duties:

1. the duty to inform the other conservator of the child in a timely manner of significant information concerning the health, education, and welfare of the child; and

2. the duty to inform the other conservator of the child if the conservator resides with for

at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the child begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, during her periods of possession, Kathleen Anne Lozano Martinez, as a parent sole managing conservator, shall have the following rights and duties:

1.     the duty of care, control, protection, and reasonable discipline of the child;

2.     the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.     the right to consent for the child to medical and dental care not involving an invasive procedure; and

4.     the right to direct the moral and religious training of the child.

IT IS ORDERED that, during his periods of possession, Eugenio Espinoza Martinez, as a parent possessory conservator, shall have the following rights and duties:

1.     the duty of care, control, protection, and reasonable discipline of the child;

2.     the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3.     the right to consent for the child to medical and dental care not involving an invasive procedure; and

4.     the right to direct the moral and religious training of the child.

IT IS ORDERED that Kathleen Anne Lozano Martinez, as parent sole managing conservator, shall have the following exclusive rights and duty:

1.     the right to designate the primary residence of the child;

2.      the right to consent to medical, dental, and surgical treatment involving invasive procedures;

3.      the right to consent to psychiatric and psychological treatment of the child;

4.      the right to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child;

5.      the right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

6.      the right to consent to marriage and to enlistment in the armed forces of the United States;

7.      the right to make decisions concerning the child's education;

8.      except as provided by section 264.0111 of the Texas Family Code, the right to the services and earnings of the child;

9.      except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the right to act as an agent of the child in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government; and

10.     the duty to manage the estate of the child to the extent the estate has been created by community property or the joint property of the parents.

IT IS ORDERED that Kathleen Anne Lozano Martinez shall have the exclusive right and duty to prepare and file income tax returns for the estate of ███████████.

IT IS ORDERED that Eugenio Espinoza Martinez shall furnish such information to Kathleen Anne Lozano Martinez as is requested to prepare federal income tax returns for the child's estate within thirty days of receipt of a written request for the information, and in no event shall the information be furnished later than March 1 of that year. As requested information becomes available after that date, it shall be furnished within ten days of receipt.


*Possession and Access*

No possession order at this time due to Respondent, Eugenio Espinoza Martinez, incarceration. Upon

release, possession order shall be amended for all times agreed upon. Failing agreement, he is granted one 2-hr period of supervised access each Thursday from *Child Support* 5pm - 7pm at a location designated by mother. EM

IT IS ORDERED that Eugenio Espinoza Martinez is obligated to pay and shall pay to Kathleen Anne Lozano Martinez child support of two hundred fifty-one dollars ($251) per month, with the first payment being due and payable on December 1, 2012 and a like payment being due and payable on the 1st day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:

1.     the child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below;

2.     the child marries;

3.     the child dies;

4.     the parent-child relationship is terminated based on genetic testing that excludes the obligor as the child's genetic father;

5.     the child enlists in the armed forces of the United States and begins active service as defined by section 101 of title 10 of the United States Code; or

6.     the child's disabilities are otherwise removed for general purposes; or

If the child is eighteen years of age and has not graduated from high school, IT IS ORDERED that Eugenio Espinoza Martinez's obligation to pay child support to Kathleen Anne Lozano Martinez shall not terminate but shall continue for as long as the child is enrolled-

1.     under chapter 25 of the Texas Education Code in an accredited secondary school in a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code or

2. on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

## Withholding from Earnings

IT IS ORDERED that any employer of Eugenio Espinoza Martinez shall be ordered to withhold from earnings for child support from the disposable earnings of Eugenio Espinoza Martinez for the support of ███████████████.

IT IS FURTHER ORDERED that all amounts withheld from the disposable earnings of Eugenio Espinoza Martinez by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this decree through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount ordered to be paid by this decree, the balance due remains an obligation of Eugenio Espinoza Martinez, and it is hereby ORDERED that Eugenio Espinoza Martinez pay the balance due directly to the state disbursement unit specified below.

On this date the Court authorized the issuance of an Order/Notice to Withhold Income for Child Support.

## Payment

IT IS ORDERED that all payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to Kathleen Anne Lozano Martinez for the support of the child. IT IS ORDERED that each party shall pay, when due, all fees charged to that party by the state

disbursement unit and any other agency statutorily authorized to charge a fee.

### Change of Employment

IT IS FURTHER ORDERED that Eugenio Espinoza Martinez shall notify this Court and Kathleen Anne Lozano Martinez by U.S. certified mail, return receipt requested, of any change of address and of any termination of employment. This notice shall be given no later than seven days after the change of address or the termination of employment. This notice or a subsequent notice shall also provide the current address of Eugenio Espinoza Martinez and the name and address of his current employer, whenever that information becomes available.

### Clerk's Duties

IT IS ORDERED that, on the request of a prosecuting attorney, the title IV-D agency, the friend of the Court, a domestic relations office, Kathleen Anne Lozano Martinez, Eugenio Espinoza Martinez, or an attorney representing Kathleen Anne Lozano Martinez or Eugenio Espinoza Martinez, the clerk of this Court shall cause a certified copy of the Order/Notice to Withhold Income for Child Support to be delivered to any employer.

### Suspension of Withholding from Earnings

The Court finds that good cause exists that no order to withhold from earnings for child support should be delivered to any employer of Eugenio Espinoza Martinez as long as no delinquency or other violation of this child support order occurs and as long as the Office of the Attorney General Child Support Division is not providing services to Kathleen Anne Lozano Martinez. For the purpose of this provision, a delinquency has occurred if Eugenio Espinoza Martinez has been in arrears for an amount due for more than thirty days or the amount of the arrearages equals or is greater than the amount due for a one-month period. If a delinquency or other violation occurs or if the Office of the Attorney General Child Support Division begins providing

54

(36)

services to Kathleen Anne Lozano Martinez, the clerk shall deliver the order to withhold earnings as provided above.

ACCORDINGLY, IT IS ORDERED that, as long as no delinquency or other violation of this child support order occurs and as long as the Office of the Attorney General Child Support Division is not providing services to Kathleen Anne Lozano Martinez, all payments shall be made through the state disbursement unit and thereafter promptly remitted to Kathleen Anne Lozano Martinez for the support of the child. If a delinquency or other violation occurs or if the Office of the Attorney General Child Support Division begins providing services to Kathleen Anne Lozano Martinez, all payments shall be made in accordance with the order to withhold earnings as provided above.

*Health Care*

1. IT IS ORDERED that Kathleen Anne Lozano Martinez and Eugenio Espinoza Martinez shall each provide medical support for the child as set out in this order as additional child support for as long as the Court may order Kathleen Anne Lozano Martinez and Eugenio Espinoza Martinez to provide support for the child under sections 154.001 and 154.002 of the Texas Family Code. Beginning on the day Kathleen Anne Lozano Martinez and Eugenio Espinoza Martinez's actual or potential obligation to support the child under sections 154.001 and 154.002 of the Family Code terminates, IT IS ORDERED that Kathleen Anne Lozano Martinez and Eugenio Espinoza Martinez are discharged from the obligations set forth in this medical support order, except for any failure by a parent to fully comply with those obligations before that date. IT IS FURTHER ORDERED that the cash medical support payments ordered below are payable through the state disbursement unit and subject to the provisions for withholding from earnings provided above for other child support payments.

2. Definitions -

55

(37)

"Health Insurance" means insurance coverage that provides basic health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services, that may be provided through a health maintenance organization or other private or public organization, other than medical assistance under chapter 32 of the Texas Human Resources Code.

"Reasonable cost" means the cost of health insurance coverage for a child that does not exceed 9 percent of Eugenio Espinoza Martinez 's annual resources, as described by section 154.062(b) of the Texas Family Code.

"Reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of a child" include, without limitation, any copayments for office visits or prescription drugs, the yearly deductible, if any, and medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges. These reasonable and necessary health-care expenses do not include expenses for travel to and from the health-care provider or for nonprescription medication.

"Furnish" means:

a. to hand deliver the document by a person eighteen years of age or older either to the recipient or to a person who is eighteen years of age or older and permanently resides with the recipient;

b. to deliver the document to the recipient by certified mail, return receipt requested, to the recipient's last known mailing or residence address; or

c. to deliver the document to the recipient at the recipient's last known mailing or residence address using any person or entity whose principal business is that of a courier or deliverer of papers or documents either within or outside

(38)

the United States.

3. Findings on Health Insurance Availability- Having considered the cost, accessibility, and quality of health insurance coverage available to the parties, the Court finds:

Health insurance is available or is in effect for the child through Kathleen Anne Lozano Martinez's employment or membership in a union, trade association, or other organization at a reasonable cost of $325.

IT IS FURTHER FOUND that the following orders regarding health-care coverage are in the best interest of the child.

4. Provision of Health-Care Coverage -

As child support, Kathleen Anne Lozano Martinez is ORDERED to continue to maintain health insurance for the child who is the subject of this suit that covers basic health-care services, including usual physician services, office visits, hospitalization, laboratory, X-ray, and emergency services.

Kathleen Anne Lozano Martinez is ORDERED to maintain such health insurance in full force and effect on the child who is the subject of this suit as long as child support is payable for that child. Kathleen Anne Lozano Martinez is ORDERED to convert any group insurance to individual coverage or obtain other health insurance for the child within fifteen days of termination of her employment or other disqualification from the group insurance. Kathleen Anne Lozano Martinez is ORDERED to exercise any conversion options or acquisition of new health insurance in such a manner that the resulting insurance equals or exceeds that in effect immediately before the change.

Kathleen Anne Lozano Martinez is ORDERED to furnish Eugenio Espinoza Martinez a true and correct copy of the health insurance policy or certification and a schedule of benefits within 0 days of the signing of this order. Kathleen Anne Lozano Martinez is ORDERED to furnish Eugenio

57

(39)

Espinoza Martinez the insurance cards and any other forms necessary for use of the insurance upon his release from the Texas Department of Corrections. Kathleen Anne Lozano Martinez is ORDERED to provide, within three days of receipt by her, to Eugenio Espinoza Martinez any insurance checks, other payments, or explanations of benefits relating to any medical expenses for the child that Eugenio Espinoza Martinez paid or incurred.

Pursuant to section 1504.051 of the Texas Insurance Code, it is ORDERED that if Kathleen Anne Lozano Martinez is eligible for dependent health coverage but fails to apply to obtain coverage for the child, the insurer shall enroll the child on application of Eugenio Espinoza Martinez or others as authorized by law.

Pursuant to section 154.182 of the Texas Family Code, Eugenio Espinoza Martinez is ORDERED to pay Kathleen Anne Lozano Martinez cash medical support for reimbursement of health insurance premiums, as additional child support, of three hundred twenty five dollars ($325) per month, with the first installment being due and payable on August 1, 2012 and a like installment being due and payable on or before the first day of each month until the termination of current child support for her.

IT IS ORDERED that the cash medical support provisions of this order shall be an obligation of the estate of Eugenio Espinoza Martinez and shall not terminate on his death.

Pursuant to section 154.183(c) of the Texas Family Code, the reasonable and necessary health-care expenses of the child that are not reimbursed by health insurance are allocated as follows: Kathleen Anne Lozano Martinez is ORDERED to pay 50 percent and Eugenio Espinoza Martinez is ORDERED to pay 50 percent of the unreimbursed health-care expenses if, at the time the expenses are incurred, Kathleen Anne Lozano Martinez is providing health insurance as ordered.

The party who incurs a health-care expense on behalf of the child is ORDERED to submit to

(40)

the other party all forms, receipts, bills, statements, and explanations of benefits reflecting the uninsured portion of the health-care expenses within thirty days after he or she receives them. The nonincurring party is ORDERED to pay his or her percentage of the uninsured portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the incurring party for any advance payment exceeding the incurring party's percentage of the uninsured portion of the health-care expenses within thirty days after the nonincurring party receives the forms, receipts, bills, statements, and explanations of benefits.

These provisions apply to all unreimbursed health-care expenses of the child who is the subject of this suit that are incurred while child support is payable for the child.

5. Secondary Coverage - IT IS ORDERED that if a party provides secondary health insurance coverage for the child, both parties shall cooperate fully with regard to the handling and filing of claims with the insurance carrier providing the coverage in order to maximize the benefits available to the child and to ensure that the party who pays for health-care expenses for the child is reimbursed for the payment from both carriers to the fullest extent possible.

6. Compliance with Insurance Company Requirements - Each party is ORDERED to conform to all requirements imposed by the terms and conditions of the policy of health insurance covering the child in order to assure maximum reimbursement or direct payment by the insurance company of the incurred health-care expense, including but not limited to requirements for advance notice to any carrier, second opinions, and the like. Each party is ORDERED to attempt to use "preferred providers," or services within the health maintenance organization, if applicable; however, this provision shall not apply if emergency care is required. Disallowance of the bill by a health insurer shall not excuse the obligation of either party to make payment; however, if a bill is disallowed or the benefit reduced because of the failure of a party to follow insurance procedures or

59

(41)

requirements, IT IS ORDERED that the party failing to follow the insurance procedures or requirements shall be wholly responsible for the increased portion of that bill.

7. Claims - Except as provided in this paragraph, the party who is not carrying the health insurance policy covering the child is ORDERED to furnish to the party carrying the policy, within fifteen days of receiving them, any and all forms, receipts, bills, and statements reflecting the health-care expenses the party not carrying the policy incurs on behalf of the child. In accordance with section 1204.251 and 1504.055(a) of the Texas Insurance Code, IT IS ORDERED that the party who is not carrying the health insurance policy covering the child, at that party's option , may file any claims for health-care expenses directly with the insurance carrier with and from whom coverage is provided for the benefit of the child and receive payments directly from the insurance company. Further, for the sole purpose of section 1204.251 of the Texas Insurance Code, Eugenio Espinoza Martinez is designated the managing conservator or possessory conservator of the child.

The party who is carrying the health insurance policy covering the child is ORDERED to submit all forms required by the insurance company for payment or reimbursement of health-care expenses incurred by either party on behalf of the child to the insurance carrier within fifteen days of that party's receiving any form, receipt, bill, or statement reflecting the expenses.

8. Constructive Trust for Payments Received - IT IS ORDERED that any insurance payments received by a party from the health insurance carrier as reimbursement for health-care expenses incurred by or on behalf of the child shall belong to the party who paid those expenses. IT IS FURTHER ORDERED that the party receiving the insurance payments is designated a constructive trustee to receive any insurance checks or payments for health-care expenses paid by the other party, and the party carrying the policy shall endorse and forward the checks or payments, along with any explanation of benefits received, to the other party within three days of receiving

(42)

them.

9.  WARNING - A PARENT ORDERED TO PROVIDE HEALTH INSURANCE OR TO PAY THE OTHER PARENT ADDITIONAL CHILD SUPPORT FOR THE COST OF HEALTH INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OF THE CHILD, WITHOUT REGARD TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE HAD BEEN PROVIDED, AND FOR THE COST OF HEALTH INSURANCE PREMIUMS OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF OF THE CHILD.

*Miscellaneous Child Support Provisions*

Support as Obligation of Estate

IT IS ORDERED that the provisions for child support in this decree shall be an obligation of the estate of Eugenio Espinoza Martinez and shall not terminate on the death of Eugenio Espinoza Martinez. Payments received for the benefit of the child, including payments from the Social Security Administration, Department of Veterans Affairs or other governmental agency or life insurance proceeds, annuity payments, trust distributions, or retirement survivor benefits, shall be a credit against this obligation. Any remaining balance of the child support is an obligation of Eugenio Espinoza Martinez's estate.

Termination of Orders on Remarriage of Parties but Not on Death of Obligee

The provisions of this decree relating to current child support terminate on the remarriage of Kathleen Anne Lozano Martinez to Eugenio Espinoza Martinez unless a nonparent or agency has been appointed conservator of the child under chapter 153 of the Texas Family Code. An obligation to pay child support under this decree does not terminate on the death of Kathleen Anne Lozano Martinez but continues as an obligation to ████████████.



*Information Regarding Parties*

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

Name: Kathleen Anne Lozano Martinez

    Social Security number: ██████

    Driver's license number: █████    Issuing state: Texas

    Current residence address: ████████████████████

    Mailing address: ███████████████

    Home telephone number: (██████

    Name of employer: █████

    Address of employment: 1111 W. 6th Street Austin, Texas 78703

    Work telephone number: (512) 414-3234

Name: Eugenio Espinoza Martinez

    Social Security number: ██████

    Driver's license number █████    Issuing state: Texas

    Current residence address: █████████████████

    Mailing address: ██████████████

    Home telephone number: N/A

    Name of employer: N/A

    Address of employment: N/A

    Work telephone number: N/A

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN

(44)

THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering

(45)

a copy of the notice either in person to the clerk of this Court or by registered or certified mail addressed to the clerk at. Notice shall be given to the state case registry by mailing a copy of the notice to State Case Registry, Contract Services Section, MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S

(46)

NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

*Division of Marital Estate*

The Court finds that no community property other than personal effects has been accumulated by the parties.

IT IS ORDERED AND DECREED that the personal effects of the parties are awarded to the party having possession.

Division of Debt

Debts to Husband

IT IS ORDERED AND DECREED that the husband, Eugenio Espinoza Martinez, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items:

H-1.    All debts, charges, liabilities, and other obligations incurred solely by the husband from and after May 2010 unless express provision is made in this decree to the contrary.

Debts to Wife

IT IS ORDERED AND DECREED that the wife, Kathleen Anne Lozano Martinez, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the husband and his property harmless from any failure to so discharge, these items:

W-1.    All debts, charges, liabilities, and other obligations incurred solely by the wife from and after May 2010 unless express provision is made in this decree to the contrary.



Notice

IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

Attorney's Fees

To effect an equitable division of the estate of the parties and as a part of the division, and for services rendered in connection with conservatorship and support of the child, each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case.

Treatment/Allocation of Community Income for Year of Divorce

IT IS ORDERED AND DECREED that, for the calendar year 2012, each party shall file an individual income tax return in accordance with the Internal Revenue Code.

IT IS ORDERED AND DECREED that for calendar year 2012, each party shall indemnify and hold the other party and his or her property harmless from any tax liability associated with the reporting party's individual tax return for that year unless the parties have agreed to allocate their tax liability in a manner different from that reflected on their returns.

IT IS ORDERED AND DECREED that each party shall furnish such information to the other party as is requested to prepare federal income tax returns for 2012 within thirty days of receipt of a written request for the information, and in no event shall the available information be exchanged later than March 1, 2013. As requested information becomes available after that date, it shall be provided within ten days of receipt.

IT IS ORDERED AND DECREED that all payments made to the other party in accordance with the allocation provisions for payment of federal income taxes contained in this Final Decree of

(48)

Divorce are not deemed income to the party receiving those payments but are part of the property division and necessary for a just and right division of the parties' estate.

*Discharge from Discovery Retention Requirement*

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

*Decree Acknowledgment*

Petitioner, Kathleen Anne Lozano Martinez, and Respondent, Eugenio Espinoza Martinez, each acknowledge that before signing this Final Decree of Divorce they have read this Final Decree of Divorce fully and completely, have had the opportunity to ask any questions regarding the same, and fully understand that the contents of this Final Decree of Divorce constitute a full and complete resolution of this case. Petitioner and Respondent acknowledge that they have voluntarily affixed their signatures to this Final Decree of Divorce, believing this agreement to be a just and right division of the marital debt and assets, and state that they have not signed by virtue of any coercion, any duress, or any agreement other than those specifically set forth in this Final Decree of Divorce.

*Indemnification*

Each party represents and warrants that he or she has not incurred any outstanding debt, obligation, or other liability on which the other party is or may be liable, other than those described in this decree. Each party agrees and IT IS ORDERED that if any claim, action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act or omission of the other party, that other party will, at his or her sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or

67

(49)

not well founded, and will indemnify the party not assuming the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

Damages, as used in this provision, includes any reasonable loss, cost, expense, penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

IT IS ORDERED that the indemnifying party will reimburse the indemnified party, on demand, for any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy any judgment of any court of competent jurisdiction or in accordance with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

The parties agree and IT IS ORDERED that each party will give the other party prompt written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

*Clarifying Orders*

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

*Request for Change of Name*

IT IS OREDERED AND DECREED that Petitioner, Kathleen Anne Lozano Martinez's name is changed to Kathleen Anne Lozano.

*Relief Not Granted*

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes

(50)

necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

*Date of Judgment*

SIGNED on ___November ~~17~~ 7, 2012___

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:


KATHLEEN ANNE LOZANO MARTINEZ
9801 W. Parmer Lane Apt. 313
Austin, TX 78717
Tel: (956) 358-7622
Fax:


By: _____
KATHLEEN ANNE LOZANO MARTINEZ
Pro Se

APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:


_____
Petitioner


_____
Respondent

(51)

CAUSE NO. 12-1114-F425

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | § | IN THE DISTRICT COURT |
| | § | |
| KATHLEEN ANNE LOZANO MARTINEZ | § | |
| AND | § | 425TH JUDICIAL DISTRICT |
| EUGENIO ESPINOZA MARTINEZ | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| ███████████, A CHILD | § | WILLIAMSON COUNTY, TEXAS |

## RESPONDENT'S REQUEST FOR
## FINDINGS OF FACT & CONCLUSIONS OF LAW

---

Respondent asks the court to file findings of fact and conclusions of law, in accordance to Texas Rules Of Civil Procedure 296 and Texas Family Code §153.258.

### A. Introduction

1. Petitioner is Kathleen Anne Lozano Martinez; Respondent is Eugenio Espinoza Martinez.

2. The court signed a judgment on November 7, 2012.

### B. Request

3. Respondent asks the court to file findings of fact and conclusions of law and require the court clerk to mail copies to all parties, as required by Texas Rules Of Civil Procedure 297.

4. Respondent files this request within 20 days after the court signed the judgment.

Respectfully Submitted,

_signature_

Eugenio Espinoza Martinez
Respondent Pro Se
TDCJ-ID# 1686937
William G. McConnell Unit
3001 South Emily Drive
Beeville, Texas 78102

FILED
at _____ o'clock ____ M
NOV 16 2012
Lisa David
District Clerk, Williamson Co., TX.

ENT'D

RECEIVED
JAN 1 2 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

1

Eugene
TDCJ-
Stevenson Unit
1525 FM 766
Cuero, Texas 77954

Legal
Mail —



Court of Appeals
Third District
P.O. Box 12547
Austin, Texas 78711-2547

FOREVER USA 2014